UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW KEITH PARKINSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:06-cv-102 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JOHN PRELESNIK et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.
§ 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a
preliminary review of the petition to determine whether "it plainly appears from the face of the
petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."
Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be
summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court
has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4
includes those petitions which raise legally frivolous claims, as well as those containing factual
allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.
1999).  After undertaking the review required by Rule 4, the Court concludes that Petitioner failed
to exhaust his state-court remedies.

**Discussion**

      I.        Factual Allegations

Petitioner is incarcerated in the Richard A. Handlon Correctional Facility. On August 29, 2002, Petitioner pleaded guilty in the Genesee County Circuit Court to one count of delivery of less than fifty grams of a mixture containing cocaine and one count of delivery of methylenedioxymethamphetamine (Ecstasy). Petitioner was sentenced on September 23, 2002, to lifetime probation on the first count and thirty-six months of probation on the second count.

Petitioner was charged with probation violations on August 12, 2003 and February 23, 2004. Both times, Petitioner pleaded guilty to the violations and his probation was continued. On April 23, 2004, a third probation violation warrant was issued against Petitioner. The warrant alleged that Petitioner possessed cocaine and marijuana, that he possessed a pump shotgun and shell casings at his residence, and that he discharged at least five rounds toward a group of people on April 21, 2004. Petitioner pleaded guilty in the Genesee County Circuit Court to discharging a firearm from a motor vehicle and being a felon in possession of a firearm. Petitioner's probation was revoked and he was sentenced on November 8, 2004, to consecutive prison terms of two to twenty years and two to seven years, respectively, for the underlying drug convictions. According to Petitioner, the two-year minimum terms imposed by the court exceeded the sentencing guideline range of zero to eleven months. The trial court also sentenced Petitioner to imprisonment of fourteen months to four years for the discharging a firearm conviction and fourteen months to five years for the felon-in-possession conviction.

Petitioner applied for leave to appeal in the Michigan Court of Appeals. He claimed that in sentencing him on the underlying drug convictions, the trial court upwardly departed from the sentencing guidelines without providing a substantial and compelling reason as required under

Michigan law.  The Michigan Court of Appeals denied Petitioner's application on July 15, 2005.

Petitioner subsequently sought leave to appeal in the Michigan Supreme Court.  He raised the same

claim presented in the Michigan Court of Appeals, as well as a new claim that he was sentenced in

violation of *Blakely v. Washington*, 542 U.S. 296 (2004).  The supreme court denied Petitioner's

application for leave to appeal on November 29, 2005.  In his application for habeas corpus relief,

Petitioner presents the same two claims presented in the Michigan Supreme Court.

II.      Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust

remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts

have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77

(1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4,

6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513

U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate review

process."  *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly

appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d

1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.  Petitioner bears the burden of showing

exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  According to the petition, Petitioner

raised his *Blakely* claim for the first time in the Michigan Supreme Court.  Presentation of an issue

for the first time on discretionary review to the state supreme court does not fulfill the requirement

of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth

Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails

to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to

the state's highest court.  *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir.

Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999);

*Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst*

*v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir.

1994);  *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990).  Unless the state

supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the

state courts.  Petitioner's application for leave to appeal was denied by the supreme court, and thus,

his supplemental issues were not reviewed.

        An applicant has not exhausted available state remedies if he has the right under state

law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has

at least one available procedure by which to raise the issues he has presented in this application.  He

may file a motion for relief from judgment under M.C.R. 6.500 *et. seq.*  Under Michigan law, one

such motion may be filed after August 1, 1995.  M.C.R. 6.502(G)(1).  Petitioner has not yet filed his

one allotted motion.  Therefore, the Court concludes that Petitioner can raise his *Blakely* claim in a

motion for relief from judgment.

        Petitioner's application is subject to the one-year statute of limitations provided in

28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.   The Michigan Supreme Court denied his application on November 29, 2005.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expires on February 27, 2006. Accordingly, Petitioner has one year, until February 27, 2007, in which to file his habeas petition.

Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition.  *Rose v. Lundy*, 455 U.S. 509 (1982).  In  *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Id.; see also Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust).[1]  Because Petitioner has an entire year remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies.  Therefore, a stay of these proceedings is not warranted.  Alternatively, Petitioner

---

[1]The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).

may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for failure to exhaust his state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on exhaustion grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:       February 28, 2006          /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         CHIEF UNITED STATES DISTRICT JUDGE